# DECISIONS

## OF THE

# Supreme Court of Florida.

## JANUARY TERM, A. D. 1907.

WYATT BREWER, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. Written verdicts in capital cases may be received in this
State.

2. The evidence sustains the verdict.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the
court.

*Walter M. Davis,* for Plaintiff in Error;

*W. H. Ellis,* Attorney-General, for the State.

COCKRELL, J : Wyatt Brewer was indicted, tried and
convicted in the Circuit Court for Duval county of the
murder of Etta Lee. The death penalty was imposed and
upon this writ of error two assignments are argued. The
first attacks the reception and recordation of the verdict.

It appears from the transcript that in the delivery of
the charge to the jury the court directed them as to the
forms of the several verdicts that might be rendered, and

that the verdict should be signed by the foreman. "There-upon the said jury retired and having considered of their verdict, upon their oaths do say: We, the jury, find the de-fendant guilty of murder in the first degree. So say we all. G. W. Adams, Foreman." It does not appear that any re-quest was made that the jury be polled, but it is insisted that at the common law the verdict was rendered orally by each individual juror and that any other practice in this State is without statutory warrant and calls for reversal.

It must be admitted that the well nigh universal prac-tice in this State from its beginning has been to receive written verdicts (Grant v. State, 33 Fla. 291, 14 South. Rep. 757), and that the reception of parol verdicts at the common law was perhaps a necessity arising out of the illiteracy of the jurors. 22 Ency. Pl. & Pr. 896.

It is essential in a felony case that the verdict of the jury be pronounced in open court in the presence of the jurors and of the accused, and if that verdict be in the more certain and lasting form of a writing rather than by the fleeting oral announcement of a juror, such greater certainty cannot possibly be to the detriment of the accused. The practice is approved by Mr. Bishop in the paragraph cited by the plaintiff in error (1 Bish. New Crim. Pr., Sec. 1002), by the Supreme Court of Wisconsin (State v. Glass, 50 Wis. 218, 6 N. W. Rep. 500) and of Illinois (Griffin v. Larned, 432) and of Kentucky (Hasson v. Commonwealth, 10 Ky. Law. 1054, 11 S. W. Rep. 286). The Louisiana cases are largely influenced by the Civil Code and have little weight upon points of practice, but written verdicts are permitted there. The case of Lord v. State, 16 N. H. 325, is easily distinguished; it held that a written verdict was *irregular* in that State where the

uniform practice was to pronounce a verdict orally. The manner of pronouncing the verdict is practically settled against the contention by the decision of this court in the case of O'Connor v. State, 9 Fla. 215, and that case absoluetly holds that the verdict was sufficiently recorded.

The form of the verdict is identical with that in the Williams case, save for the recommendation to mercy and needs no further comment. Williams v. State, 45 Fla. 128, 34 South. Rep. 279.

The only remaining assignment questions the sufficiency of the evidence to support the verdict of murder in the first degree upon the element of premeditated design to kill. Without setting out the evidence in detail, there was sufficient from which the jury could find that shortly after a quarrel and threats to kill, Brewer got into a cab with Etta Lee and upon her statement that she would tell his father how he had treated her he shot her with his pistol and as she was falling from the vehicle he shot her again. The jury has settled all questions of disputed facts, the trial judge has approved its findings and the evidence is not such as to call for interference from us.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.