[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14291

_____

D.C. Docket Nos. 9:16-cv-80990-CMA; 9:93-cr-08108-CMA-1

REINALDO SANTOS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2020)

Before WILLIAM PRYOR, Chief Judge, HULL and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

This case goes back in time a long way.  In his most recent (and third) §

2255 petition, Reinaldo Santos challenges the application of an Armed Career

Criminal Act ("ACCA") enhancement to his 1994 sentence for the unlawful possession of a firearm and ammunition as a convicted felon. Santos claims he was sentenced under the ACCA's residual clause, which the Supreme Court has since held to be unconstitutionally vague. Santos has already served all of his 30-year prison sentence; a successful challenge, however, would decrease by two years the remaining time Santos must serve under supervised release.

Under our controlling case law, in order to mount a successful collateral attack on his sentence, Santos must prove (1) that the sentencing court relied solely on the ACCA's residual clause to apply the ACCA enhancement to his sentence, and (2) that absent the residual clause, his sentence cannot stand. Beeman v. United States, 871 F.3d 1215, 1221–22 (11th Cir. 2017). The resolution of the first element disposes of this case: Santos cannot meet his burden of proving it is more likely than not that in fashioning his sentence, the district judge relied solely on the residual clause. Nor, as we see it, could Santos meet this burden on any remand. Absent this showing, Santos cannot prevail. Accordingly, we affirm the denial of this petition.

I.

A.

In 1994, a petit jury sitting in the Southern District of Florida found Reinaldo Santos guilty of one count of possession of a firearm by a convicted felon

2

and one count of possession of ammunition by a convicted felon, each in violation of 18 U.S.C. § 922(g).  The Presentence Investigation Report ("PSI"), prepared by the Probation Department, concluded that Santos faced a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"); Santos did not then challenge the application of the ACCA.  Although the PSI did not state the basis for the ACCA enhancement, the government specified three predicate felonies in its § 851 notice of intent to rely upon a sentencing enhancement: a 1990 Florida conviction for aggravated assault on a police officer; a 1987 Florida conviction for aggravated battery and false imprisonment; and a 1987 Florida conviction for battery on a law enforcement officer ("BOLEO").  Applying both the ACCA enhancement and various considerations under the Sentencing Guidelines, the district judge sentenced Santos to 360 months in prison followed by five years of supervised release.  We affirmed the sentence on direct appeal (again Santos did not challenge the ACCA enhancement).  United States v. Santos, 93 F.3d 761, 764 (11th Cir. 1996).

Santos filed his first 28 U.S.C. § 2255 petition challenging his sentence in 2001, and his second one in 2005.  The first was dismissed as untimely, and the second as unauthorized.  Then, in 2015, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague.  Johnson v. United States, 576 U.S. 591, 597 (2015) ("Samuel Johnson").  On June 24, 2016, Santos filed the instant §

3

2255 challenge to his 1994 sentence, claiming that the retroactive application of Samuel Johnson rendered his sentence unconstitutional. As relevant to this appeal, Santos argued that his BOLEO conviction could not qualify as a violent felony under the ACCA after Samuel Johnson. Absent the residual clause, the BOLEO could qualify only under the ACCA's elements clause. But since a BOLEO can be committed by mere touching, Santos reasoned, it "can be committed without an element of force or violence," and therefore it is not categorically a crime of violence under the elements clause. Santos further argued that the phrase "touches or strikes" in the Florida simple battery statute (which BOLEO incorporates) did not create two separate, divisible elements, so the district court could not use the modified categorical approach to look at the record of conviction in order to determine whether Santos actually touched or struck his victim.

Florida simple battery occurs when an individual "(1) [a]ctually and intentionally touches or strikes another person against the will of the other; or (2) [i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a). The present-day version of the Florida simple battery statute does not materially differ from the version applicable at the time of Santos's 1987 conviction. See Act effective Oct. 1, 1996, ch. 96-392, 1996 Fla. Laws 2435, 2439; State v. Hearns, 961 So. 2d 211, 214 n.2 (Fla. 2007).

4

On May 9, 2017, a magistrate judge issued a Report and Recommendation ("R&R") recommending that Santos's § 2255 motion be granted.  The R&R, applying In re Chance, 831 F.3d 1335 (11th Cir. 2016), abrogated by Beeman, 871 F.3d at 1221–22, first concluded that Santos had met his burden of showing that the record was unclear about whether the sentencing judge actually relied on the residual clause in applying the ACCA enhancement.  The R&R also agreed with Santos that the "touch[ing] or strik[ing]" language in the Florida battery statute did not create two divisible elements; the court, therefore, could not look at record documents to determine whether Santos had touched or struck his victim, so the BOLEO conviction could not qualify as an ACCA predicate under the elements clause.

The district court[1] rejected the magistrate judge's R&R.  It agreed that Santos had shown the record was unclear regarding whether he was sentenced under the residual clause.  Then, relying on United States v. Green, 842 F.3d 1299, 1322 (11th Cir. 2016), an opinion that would later be vacated and superseded, 873 F.3d 846 (11th Cir. 2017), the district court concluded that the Florida simple battery statute was divisible three ways, between touching, striking, and causing bodily harm.  Thus, the modified categorical approach could be used to determine

---

[1] Because the judge who had sentenced Santos in 1994 passed away, another district court judge inherited the case and evaluated Santos's § 2255 petition.

which of these versions the jury had selected. The district court looked to paragraph 37 of the PSI, which established that Santos "struck" and "kicked" the law enforcement officer. Therefore, the BOLEO conviction qualified as a violent felony under the elements clause. Separately, the district court determined that Santos's convictions for aggravated assault on a law enforcement officer and aggravated battery qualified as violent felonies. Taken together, Santos had the requisite three prior violent felonies necessary to qualify for the ACCA mandatory minimum, so the district court denied his § 2255 petition. It also declined to issue a certificate of appealability.

Santos filed a timely notice of appeal and moved this Court for a certificate of appealability on whether his BOLEO conviction remained a valid ACCA predicate after Samuel Johnson. This Court denied the motion, concluding "[r]easonable jurists would not debate that Santos has three ACCA predicate convictions." The order relied on Johnson v. United States, 559 U.S. 133, 136–37 (2010) ("Curtis Johnson") to support the determination that Florida simple battery can be proven in "three ways" because "'the elements of the offense are disjunctive.'" Therefore, the order reasoned, Florida's simple battery statute is divisible three ways and subject to the modified categorical approach: the PSI revealed that Santos struck the officer, thereby committing a violent felony.

6

Santos sought certiorari review, which the Supreme Court granted. The Solicitor General filed a memorandum in the Supreme Court explaining that "the government now agrees that petitioner's Florida battery conviction is not a violent felony under the ACCA's elements clause." The Supreme Court remanded Santos's appeal to this Court for further consideration in light of the Solicitor General's position. On remand, we granted a certificate of appealability on two issues:

> (1) Whether Florida's battery statute, Fla. Stat. Ann. § 784.03, should be construed as being divisible three ways between (1) touching, (2) striking, and (3) causing bodily harm, or as being divisible only two ways between (1) touching or striking, and (2) causing bodily harm.

> (2) Whether our binding precedent forecloses a holding that the statute is only divisible two ways.

Thereafter, the government moved for summary reversal of the district court's denial of Santos's § 2255 motion. It conceded that Florida battery is divisible into only two elements ("touch[ing] or strik[ing]" and intentionally causing bodily harm). Since nothing in the record indicated that Santos was convicted of a bodily harm battery, it also conceded that his BOLEO conviction was not a violent felony under the ACCA's elements clause. However, the government asked us to remand the petition to allow the district court to decide in the first instance whether Santos could meet his Beeman burden -- after all, the

7

district court had decided Santos's motion before <u>Beeman</u> held that a § 2255 movant must prove it is more likely than not that the sentencing judge relied <u>solely</u> on the residual clause in applying the ACCA enhancement. We denied the motion for summary reversal and ordered the government to file a response. Both parties agreed that Florida simple battery is divisible in only two ways and that the courts may not use the modified categorical approach to distinguish between touching and striking. At oral argument, however, the government changed its view on remand, suggesting remand would be futile.

Santos served his entire 360-month prison term and was released in 2019. He is currently serving a five-year term of supervised release. In the absence of the ACCA enhancement, Santos's maximum sentence would have been 120 months' imprisonment followed by three years of supervised release under 18 U.S.C. § 3583(b)(2). Thus, the net effect of a successful attack on his sentence would take two years off the remaining time Santos must serve under supervised release.

## II.

In a § 2255 proceeding, "we review the district court's factual findings for clear error and legal determinations de novo." <u>United States v. Pickett</u>, 916 F.3d 960, 964 (11th Cir. 2019) (citation omitted).

A jury convicted Santos of violating 18 U.S.C. § 922(g), which makes it unlawful for any person who has been convicted of a felony to possess a firearm or ammunition.  Among other things, the ACCA, 18 U.S.C. § 924(e), imposes a mandatory minimum fifteen-year prison sentence on anyone who violates § 922(g) and has three previous convictions from "any court" for a "violent felony" (absent the ACCA enhancement, the statutory maximum sentence for a § 922(g) conviction is ten years).  See 18 U.S.C. § 924(a)(2), (e)(1).  The ACCA defines "violent felony" this way:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Id. § 924(e)(2)(B) (alterations added).  Subsection (i) is commonly called the "elements clause."  The portion of subsection (ii) that refers to burglary, arson, extortion, and explosives is known as the "enumerated offenses clause"; the remainder of subsection (ii) is known as the "residual clause."

Santos says his sentence cannot stand after the Supreme Court invalidated the residual clause because his 1987 Florida conviction for BOLEO does not

9

qualify as an ACCA predicate under the elements clause.  However, we cannot reach this claim because Santos has not met his threshold burden of proving it is more likely than not that the sentencing judge relied solely on the ACCA's residual clause in enhancing his sentence.[2]  See Beeman, 871 F.3d at 1221–22.[3]  Nor could Santos meet this burden on any remand.  The district court already examined the record and correctly found that it does not reveal which clause the sentencing judge relied on.  Nor, finally, would any other obvious source of information provide any illumination, so remand would be futile.

## A.

Santos's § 922(g) conviction became final on April 14, 1997, when the Supreme Court denied certiorari on his direct appeal.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), most of the limitations periods on collateral attacks to Santos's sentence expired long ago.  See 28 U.S.C. § 2255(f).  But on June 26, 2015, the Supreme Court recognized a new constitutional right not

---

[2] Thus, nothing in this opinion should be read as deciding whether Florida's BOLEO statute is divisible in two or three ways, which remains an open question.  See United States v. Gandy, 917 F.3d 1333, 1339 (11th Cir. 2019) ("[W]e need not decide whether 'touching' and 'striking' are divisible.").

[3] While the certificate of appealability does not mention this issue, we may decide issues that must be resolved before reaching the merits of the issues listed in the certificate of appealability. See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) ("[W]e will construe the issue specification in light of the pleadings and other parts of the record.") (internal quotations and citation omitted).  Moreover, we may affirm on any ground the record supports.  Beeman, 871 F.3d at 1221.

to be sentenced under the ACCA's residual clause, which it found to be unconstitutionally vague, Samuel Johnson, 576 U.S. at 597; it then made this new rule retroactive, Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Samuel Johnson opened a new one-year window during which Santos could bring a timely § 2255 challenge relying on the newly announced right. 28 U.S.C. § 2255(f)(3); see Beeman, 871 F.3d at 1221. On June 24, 2016, Santos did exactly that, arguing that his sentence was unconstitutional because the sentencing court relied on the residual clause. His BOLEO enhancement, he reasons, can no longer be based on the residual clause; nor can it be grounded on any of the remaining ACCA clauses, since his BOLEO conviction would not be a violent felony under the elements clause.

Santos's second claim -- that a BOLEO conviction does not qualify under the elements clause -- is irrelevant to the outcome of this case. As we explained in Beeman:

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a [Samuel Johnson] violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause . . . to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

11

871 F.3d at 1221.  Thus, a § 2255 movant who relies on Samuel Johnson must prove it is more likely than not that the sentencing court relied solely on the residual clause in order to enhance his sentence.  Id. at 1221–22.  It is not enough to establish that the district court could have relied on either the residual clause or another clause; rather, the movant must show that the district court relied only on the residual clause.  Id. at 1222 (The movant has not met his burden "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement."); Pickett, 916 F.3d at 966.

This burden serves AEDPA's purpose of "ensur[ing] a greater degree of finality for convictions" by confirming that a Samuel Johnson motion truly serves as a vehicle for vindicating the constitutional right not to be sentenced pursuant to the residual clause, rather than as a tactic for raising a statutory argument the movant should have made long ago.  See Beeman, 871 F.3d at 1223 (internal quotation marks and citation omitted).  "Finality is essential to the operation of our criminal justice system.  Without finality, the criminal law is deprived of much of its deterrent effect."  Id. (internal quotation marks omitted) (quoting Teague v. Lane, 489 U.S. 288, 309 (1989)).

A Samuel Johnson claim is the only claim Santos could have timely brought within the new one-year period for filing his petition.  See id. at 1220.  Years ago,

12

Santos could have filed (but did not) a § 2255 motion alleging a stand-alone claim that he was improperly sentenced pursuant to the ACCA's elements clause because his BOLEO conviction does not qualify as a "violent felony" under that clause. But the statute of limitations for such a motion expired in 1998.  28 U.S.C. § 2255(f)(1); see Beeman, 871 F.3d at 1220.  Thus, the only timely motion Santos could have brought when he filed the instant petition in June 2016 was a claim asserting a violation of his right not to be sentenced under the residual clause.  For Santos, it is a Samuel Johnson claim, and the attendant Beeman showing, or nothing.

Santos cannot make this showing.

## B.

Nothing found in the sentencing record, nor in any circumstantial evidence, points to anything that would allow Santos to show that he was sentenced under the ACCA solely pursuant to its residual clause.

"Whether the residual clause was the basis for the sentencing court's enhancement is a question of 'historical fact.'  To determine this 'historical fact' we look first to the record, and then, if the record proves underdeterminative, we can look to the case law at the time of sentencing."  Pickett, 916 F.3d at 963 (quoting Beeman, 871 F.3d at 1224 n.4, 5).  Record evidence might include direct evidence such as findings or comments from the sentencing judge, or

circumstantial evidence contained, for example, in a PSI.  See id. at 963–64.  The problem for Santos is that none of these sources reveals whether the sentencing judge relied on the residual clause, the elements clause, or both.

### 1. Direct Evidence: The Sentencing Transcript

We begin our search with an examination of the sentencing transcript, the most obvious source of relevant information.  There is nothing in it to indicate whether the sentencing judge relied on the residual clause or the elements clause (or both).  At sentencing, the judge referred to the BOLEO conviction only generally as a "crime[] of violence."  The prosecutor referred to the ACCA only as "18 924(e)" and "18 U.S.C. 924(e)"; he did not discuss how any particular prior conviction qualified, nor did he indicate on which clause the government relied.  Indeed, the bulk of the sentencing colloquy dealt with the defendant's claim that a criminal-history-based upward departure from the Sentencing Guidelines was not warranted because his ACCA enhancement already took his criminal history into account.  Notably, the defendant made no argument about the application of the ACCA enhancement itself; and the entire debate did not spur any substantive discussion about the foundation for the enhancement.

14

## 2. Circumstantial Evidence

None of the other potential sources of evidence regarding the sentencing judge's thinking contains anything even remotely suggesting which clause he relied on:

(a.)  Government's notice.  Just like the government's comments at the sentencing hearing, its "Notice of Intent to Rely Upon 18 U.S.C. § 924(e) Sentence Enhancement" only referred generally to the ACCA without specifying a particular clause: it simply stated an intent to rely upon the "enhancement contained in 18 U.S.C. § 924(e)(1)" before listing each conviction it relied upon, and noted that "[e]ach of the above-listed prior convictions qualifies under 18 U.S.C. § 924(e)(2) as a violent felony offense or serious drug offense for use in enhancing the defendant's sentence."  Utterly devoid of any mention of any specific § 924(e)(2)(B) subsection, this source tells us nothing about the ACCA basis for Santos's enhanced sentence.

(b.)  PSI.  The PSI similarly refers to the ACCA only in cursory, general terms: "Enhanced Penalty pursuant to Title 18, USC, Section 924(e)(1)"; "defendant is subject to an enhanced sentence under the provisions of Title 18, USC, Section 924(e)"; "[t]he minimum term of imprisonment as to each of Counts One and Two is 15 years, pursuant to Title 18, USC, Section 924(e)."  The paragraph of the PSI that applies the ACCA enhancement, paragraph 30, does not

15

even specify which convictions the PSI relied upon to reach that conclusion.[4]  A later reference in paragraph 37, under the heading "The Defendant's Criminal History," describes only the facts underlying Santos's BOLEO conviction; it does not discuss the ACCA.

(c.)  Defense objections.  Finally, Santos lodged only one objection to the PSI, which tracks the objection his counsel raised at the sentencing hearing -- it did not turn on the substance of the ACCA.  Santos argued that "the serious nature of [the] Defendant's criminal history was adequately considered by the Sentencing Commission in formulating the guidelines for a person who qualifies for sentencing under the Armed Career Criminal Act," so that an upward departure grounded in the Guidelines was unwarranted.  There are no other sentencing filings that shed any light on the basis for the ACCA enhancement.

---

[4] The entirety of the paragraph reads this way:

> Chapter Four Enhancements: Because the defendant is subject to an enhanced sentence under the provisions of Title 18, USC, Section 924(e), he is an armed career criminal, pursuant to section 4B1.4(a).  Pursuant to Section 4B1.4(b), ". . . (the) offense level for an armed career criminal is the greatest of: (1) the offense level applicable from Chapters Two and Three; or (2) the offense level from Section 4B1.1 (Career Offender) if applicable; or (3)(A)34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense as defined in 4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26, USC, Section 5845(a)*; or (B)33, otherwise."  Therefore, the offense level is 34, pursuant to Section 4B1.4(b)(3)(A).

16

(d.)  Case law at the time of sentencing.  Case law at the time of the December 22, 1994 sentencing is similarly uninstructive.  In 1994, both the residual clause and the elements clause were available to the sentencing judge as a means of enhancing the defendant's sentence using the BOLEO conviction.  This does not help Santos establish, as he must, that the sentencing judge relied only on the residual clause.  Pickett, 916 F.3d at 963.

The sentencing court could have relied on the residual clause.  In 1990, the Supreme Court appeared to sanction broad application of the residual clause.  See Taylor v. United States, 495 U.S. 575, 600 n.9 (1990) ("The Government remains free to argue that any offense . . . should count towards enhancement as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another' under § 924(e)(2)(B)(ii)").  Our own case law on the scope of the residual clause was relatively sparse at the time of Santos's sentencing.  To the extent we applied limits to the use of the residual clause, these limits did not prevent application of the residual clause to Santos's BOLEO conviction.  Thus, for example, in United States v. Oliver, we held that the residual clause had to be interpreted "in light of" the preceding enumerated offenses clause, which lists burglary, arson, and the use of explosives "as descriptive of violent felonies": "These offenses each manifest affirmative, overt and active conduct in which the danger posed to others extends beyond the mere possession of a weapon, and is far

17

more threatening in an immediate sense." 20 F.3d 415, 418 (11th Cir. 1994). Santos's sentencing judge easily could have found that his BOLEO conviction involved affirmative, overt, and active conduct that posed immediate danger to the law enforcement officer. Moreover, in Pickett, we observed that as of a 2007 sentencing, Florida BOLEO "almost certainly qualified under the residual clause." 916 F.3d at 964–65. Nothing in the case law pre-dating Santos's December 1994 sentencing suggests we applied the residual clause more narrowly then than we did in 2007.

But acknowledging that the sentencing court could have relied on the residual clause gets Santos only "halfway." Id. at 965. To rely on case law to make his Beeman showing, Santos "also needs to show that it is unlikely that the trial court thought the convictions also qualified under the elements clause." Id. No Eleventh Circuit decision prior to the sentencing date ever suggested that a BOLEO conviction (or any other type of battery offense) did not also qualify under the elements clause.

The subsequent trajectory of the law indicates that a 1994 sentencing judge readily could have believed that a BOLEO conviction qualified under the elements clause. Our precedents were silent on the issue in 1994; they later indicated that a BOLEO and similar crimes categorically qualified under the elements clause until the Supreme Court reached the opposite conclusion in 2010. In United States v.

18

Johnson, we held that Florida simple battery qualified under the elements clause, relying on a 2007 decision holding that Florida battery was a "crime of violence" under a provision of the Sentencing Guidelines that employs wording identical to the elements clause.[5]  528 F.3d 1318, 1320–21 (11th Cir. 2008) (citing United States v. Llanos-Agostadero, 486 F.3d 1194, 1197 (11th Cir. 2007) (per curiam)); see also United States v. Glover, 431 F.3d 744, 749 (11th Cir. 2005) (per curiam) (stating in dicta that Florida BOLEO is a crime of violence under the Sentencing Guidelines); United States v. Griffith, 455 F.3d 1339, 1345 (11th Cir. 2006) (holding Georgia battery qualified under an ACCA provision regarding a domestic violence predicate that uses "physical force" language similar to that in the elements clause).

The Supreme Court reversed, holding that Florida battery does not categorically qualify under the elements clause because it can be accomplished by mere touching.  Curtis Johnson, 559 U.S. at 138–45.[6]  Thus, up until the Supreme Court's decision in Curtis Johnson in 2010, our Court generally held that a Florida battery fell well within the elements clause and similar statutory definitions.  These decisions did not suggest that their holdings departed from any prior decisions to

---

[5] BOLEO is simple battery with the added element of a law enforcement victim.  Fla. Stat. § 784.07(2)(b).

[6] The Supreme Court indicated BOLEO convictions could still qualify under the elements clause in specific cases under the modified categorical approach.  Curtis Johnson, 559 U.S. at 144.

19

the contrary, much less from any case that might have provided guidance to Santos's sentencing judge back in 1994.  See, e.g., Llanos-Agostadero, 486 F.3d at 1197 ("This court has yet to address the issue of whether aggravated battery on a pregnant woman, in violation of Fla. Stat. § 784.045(1)(b), constitutes a crime of violence under U.S.S.G. § 2L1.2(b)(1).").  If case law did not expressly authorize Santos's sentencing court to rely on the elements clause in 1994, it did not preclude the court from so doing either.  Though "cases postdating the sentencing cast very little light, if any, on the key question of historical fact," Pickett, 916 F.3d at 966 (quoting Beeman, 871 F.3d at 1224 n.5) (internal quotation marks omitted) (alterations accepted), their reasoning can at least help confirm our conclusion that nothing in 1994 barred the sentencing judge from relying on the residual clause.

In short, based on a thorough canvas of the sentencing record, the circumstantial evidence, and the case law available to the sentencing court, Santos cannot meet his burden of showing it is more likely than not that the sentencing judge relied solely on the residual clause.

## C.

In the absence of any record evidence, a remand would be futile.  The district court denied Santos's motion prior to our holding in Beeman, and therefore did not require Santos to meet the more-likely-than-not burden.  Instead, both the district court and the magistrate judge's Report and Recommendation adopted the

20

more lenient standard from <u>Chance</u>, 831 F.3d at 1339–41, which required the petitioner to show only that the sentencing court <u>may</u> have relied on the residual clause. Notably, however, both courts determined, as a matter of fact, that the record was unclear concerning the basis for the ACCA enhancement. Santos had met his <u>Chance</u> burden, no more, and no less.

Santos still asks us to remand for the district court to consider whether he can meet the <u>Beeman</u> burden in the first instance. At oral argument, Santos relied on <u>Pickett</u>, a case in which, like this one: the court's decision pre-dated <u>Beeman</u>; both the district court and magistrate judge had applied the more lenient <u>Chance</u> standard; and we had concluded that case law at the time of sentencing could not shed any light on the sentencing court's thinking. 916 F.3d at 963, 964–967. In <u>Pickett</u>, we remanded to the district court for consideration of the <u>Beeman</u> issue. <u>Id.</u> at 967.

Here, however, a remand would be futile. The district court affirmatively found that "the record is not clear regarding whether Movant was sentenced under the ACCA's residual clause." The court cited to paragraph 30 of the PSI, which applies the ACCA enhancement without referring to a specific ACCA clause. The district court also referenced the magistrate judge's Report and Recommendation, which in turn said:

> It is unclear from the record on which clause of the ACCA the court relied in sentencing the movant because the court did not explicitly or

21

implicitly indicate at sentencing upon which clause it relied in applying the ACCA enhancement. The PSI is also silent on the issue, merely recognizing that the movant is an armed career criminal under the provisions of § 924(e) (PSI ¶30).

The district court made an express finding, based on the PSI and the sentencing hearing, that the record did not reveal which clause the sentencing court relied on, a finding entitled to deference under clear error review. In other words, the record is at best in "equipoise" regarding which clause grounded Santos's ACCA enhancement. Pickett, 916 F.3d at 963.

In sharp contrast, in Pickett, the district court did not make any factual findings about the state of the record. See id. at 963–64; Order Adopting Report in Part and Granting Motion to Vacate Sentence Under § 2255, Pickett v. United States, No. 0:16-cv-61298-DMM (S.D. Fla. May 26, 2017), ECF No. 11. Moreover, in Pickett we had sound reason to believe that a remand would be especially illuminating because the case would be sent back to the same district judge who sentenced Pickett in the first place. 916 F.3d at 967 ("The district court obviously is in a better position than we are to evaluate what likely happened [at the time of sentencing] in 2007, especially since we are remanding this case to the very judge who initially sentenced Pickett."). This is not the case here. The sentencing judge has passed away. And there is no reason to believe that the successor district court judge, who has already reviewed this record one time and found it to be unclear, would reach a different conclusion now.

22

We agree with the district court that the entire record is unilluminating.  No direct evidence tells us whether the sentencing judge relied on the residual clause, nor has Santos cited any.  No circumstantial evidence yields anything helpful, and the governing law at the time is also silent about the matter.  And we can discern no viable remaining source of such evidence.  This is the essence of futility.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1282 (11th Cir. 2001) (denying a remand for the district court to perform a jurisdictional analysis where remand would be futile because appellate counsel had not provided any basis on which its client could prevail on remand); Ali v. Florida, 777 F.2d 1489, 1490 (11th Cir. 1985) (denying remand of a habeas petition where petitioner clearly could not obtain relief on remand).

Accordingly, we **AFFIRM** the denial of the applicant's § 2255 petition.