**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-10464

Non-Argument Calendar

————————————————

FRANK J. EVANS,

*Petitioner-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22511-KMW

————————————————

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

On May 9, 2016, Frank Evans assaulted another resident of a boarding house where he had been living. *See* D.E. 28-2: 76–77;

DE 28-3: 48–49. Florida charged Mr. Evans with one count of attempted second-degree murder with a deadly weapon. *See* D.E. 27-1: 27–29. It alleged that, during the commission of that offense, he had committed an aggravated battery by stabbing the victim and intentionally caused great bodily harm or permanent disfigurement. *See id*. at 28.

## I

Mr. Evans proceeded to trial. *See* D.E. 28-1. At the conclusion of the parties' cases, as is the usual course, the trial court instructed the jurors on the law and then sent them to deliberate. *See* D.E. 28-5: 140–161. The court, however, did not provide the jurors with the verdict form or the jury instructions. *See id*. at 163. About an hour later, the court realized its mistake, but by then the jurors had already returned a verdict. *See* D.E. 27-1: 172.

Under Florida law, juries must be provided with instructions during deliberations. *See* Fla. R. Crim. P. 3.400(b); D.E. 28-5: 164–65. So, in an attempt to protect Mr. Evans' rights, the trial court did not accept the jury's verdict and offered Mr. Evans a choice. *See* D.E. 28-5: 166. The court would either instruct the jury to reconsider its verdict after consulting the written jury instructions or it would declare a mistrial. *See id*. at 165. Mr. Evans opted to have the jury reconsider its verdict. *See id*.

The trial court then recalled the jury and provided the following instruction:

> I would like for you to take a few minutes . . . to go through [the jury instructions] just to be sure that

> your verdict complies with the instructions that I gave you orally, and if you would comply to review the written instructions to make sure you all are working off the same concept and the right concepts that I instructed you . . . I do need to know that you all have taken some time to determine whether your verdict as you are ready to return it, is compliant as what I instructed you with.

D.E. 28-5: 168.

The jurors retired for further deliberations and returned less than ten minutes later with a verdict. *See id*. at 177. The jury found Mr. Evans guilty of aggravated battery as a lesser-included offense. *See id*. The trial court sentenced Mr. Evans to 11 years' imprisonment. *See* D.E. 28-6: 153.

Mr. Evans filed a direct appeal, in which he argued that the trial court committed reversible error when it denied his motion for a new trial due to the prosecutor's allegedly improper comments during closing argument. The Third District Court of Appeals affirmed without opinion, *see Evans v. State*, 255 So.3d 308 (Fla. 3d DCA 2018) (No. 3D17-590), and the Florida Supreme Court later dismissed Mr. Evans' further appeal for lack of jurisdiction. *See Evans v. State*, 2018 WL 6273377 (Fla. 2018) (No. SC18-1882).

On June 19, 2019, Mr. Evans filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. *See* D.E. 27-1: 183–275. In his motion, Mr. Evans argued that his conviction

4                        Opinion of the Court                    24-10464

for aggravated battery violated the Constitution's Double Jeopardy
Clause. *See* D.E. 27-1: 217. Mr. Evans wrote in his motion:

> The movant also asserts that perhaps, most signifi-
> cantly, whether the trial judge could have evaluated
> more, whether his sua sponte 'Choice to Mistrial' rul-
> ing . . . violated movant's double jeopardy rights in
> that his ruling . . . afforded the State a repeated oppor-
> tunity to convict the movant, particularly in light of
> the fact that a verdict had already been determined in
> movant's case.

*Id*. at 217–18. The trial court denied Mr. Evans' postconviction mo-
tion as procedurally barred. *See* D.E. 27-2: 60. The Third District
affirmed. *See Evans v. State*, 320 So.3d 745 (Fla. 3d DCA 2021) (No.
3D21-441).

On July 14, 2021, Mr. Evans filed a *pro se* federal habeas cor-
pus petition pursuant to 28 U.S.C. § 2254, which he amended a
month later. *See* D.E. 1, 17. In this petition, Mr. Evans raised mul-
tiple claims. One of them was that the trial court had violated his
double jeopardy rights. *See id*. at 7. Mr. Evans asserted that:

> The trial court . . . refused to render to him the jury's
> original verdict . . . [T]he court sought (with the col-
> laboration of petitioner's own appointed trial attor-
> ney and State prosecutors) to conceal the jury verdict
> . . . for the purposes of reallowing the jury to be fur-
> ther instructed . . . and then reallowing the jury to re-
> deliberate and redetermine another jury verdict . . .

> Petitioner contends that these trial proceedings violated his double jeopardy rights.

*Id.* at 7.

The district court denied Mr. Evans' petition. *See* D.E. 38. It concluded that Mr. Evans' double jeopardy claim had been properly raised in his motion for post-conviction relief and was therefore not procedurally barred (as some of his other claims may have been). *See id.* at 12, n.9 (citing *State v. Fla.*, 894 So.2d 941, 944–45 (Fla. 2005) (recognizing that a double jeopardy claim raises a question of fundamental error, and thus, a defendant is not procedurally barred from raising the claim for the first time in post-conviction relief proceedings)).

As to the merits, the district court analyzed Mr. Evans' double jeopardy claim under *Blockburger v. United States*, 284 U.S. 299 (1932), which sets out the "same elements" test: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. [1]

The district court then applied the "same elements" test to "the lewd or lascivious molestation offense as charged in Count 1" and determined that it was not the same offense. *See* D.E. 38 at 14. As a result, there had been no double jeopardy violation.

---

[1] Florida codified the *Blockburger* "same elements" test in Fla. Stat. § 775.021(4).

Mr. Evans, however, was not charged with or convicted of lewd or lascivious molestation. He was charged with second-degree attempted murder and was convicted of aggravated battery as a lesser included offense. Mr. Evans therefore filed a *pro se* motion for reconsideration explaining that he "was never charged, tried or convicted of lewd lascivious molestation . . . only aggravated battery." D.E. 42 at 2–3. Mr. Evans also noted that his double jeopardy claim was predicated on the "trial court refus[ing] to render to him the jury's original verdict." *Id*. at 3.

The district court denied Mr. Evans' motion for reconsideration. *See* D.E. 44. Mr. Evans then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See* D.E. 49. The court also denied this motion. *See* D.E. 50.

We granted Mr. Evans' motion for a certificate of appealability in part. The single issue that we agreed to examine was:

> Whether the district court erred in denying Ground One of Evans' 28 U.S.C. § 2254 habeas corpus petition based on the *de novo* determination that Evans had not demonstrated a double jeopardy violation, where its analysis was based on purported convictions for lewd and lascivious molestation and lewd and lascivious battery, but Evans was convicted of a single count of aggravated battery.

App. D.E. 21 at 2.

## II

On appeal, Mr. Evans argues that the district court erred when it rejected his double jeopardy claim by analyzing a crime that he was not charged with or convicted of under *Blockburger*. He asserts that we should vacate and remand this case for further proceedings and instruct the court to review his double jeopardy claim *de novo*.

## III

In examining a district court's denial of a habeas petition under 28 U.S.C. § 2254, we review questions of law *de novo* and findings of fact for clear error. *See Stewart v. Sec'y, Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007). "[D]e novo review requires us to look at a question as if we are the first court to consider it." *United States v. Williams*, 340 F.3d 1231, 1237 (11th Cir. 2003). Clear error review, however, requires us to have a firm conviction that a mistake has been committed. *See Coggin v. Commissioner*, 71 F.3d 855, 860 (11th Cir. 1996) (citation omitted).

## IV

The Double Jeopardy Clause provides three constitutional protections: (1) protection from a second prosecution for the same offense after acquittal; (2) protection from a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 727–28 (1998).

Mr. Evans has consistently maintained that his double jeopardy claim was predicated on the trial court's purported refusal to "render . . . the jury's original verdict of his trial." D.E. 17 at 7. In his telling, this was part of a conspiracy between the court, the state, and his own trial counsel, so that the original jury verdict of not guilty would be replaced after further instructions and deliberations with a verdict of guilty. *See id.* Mr. Evans asserts that his double jeopardy claim implicates the first of the protections articulated in *Monge*—i.e., the protection from a second prosecution for the same offense after acquittal. *See* Appellant's Initial Br. at 33.

The district court, however, understood Mr. Evans' claim to implicate the third protection—multiple punishments for the same offense—and incorrectly analyzed the elements of a completely different offense than what he was charged with or convicted of under the *Blockburger* "same elements" test. *See* D.E. 38 at 11–15. This was error. The court misunderstood Mr. Evans' double jeopardy claim and applied the wrong law to the wrong facts.

Normally, an error of this kind would warrant a reversal and remand for further proceedings. But we need not reverse and remand when there is no viable claim and remand would be futile. *See Santos v. United States*, 982 F.3d 1303, 1314–15 (11th Cir. 2020) (concluding that remand was futile when there was no evidence that could support a viable claim); *Ali v. Florida*, 777 F.2d 1489, 1490 (11th Cir. 1985) (denying remand, despite procedural error, because it was clear from the habeas petition that claims were not exhausted).

Mr. Evans asserts that his double jeopardy rights were violated because the jury's original verdict was an acquittal. But he also conceded in his brief that the district court never accepted the jury's verdict. "'I will not even look at the verdict,' to try to "protect[ ] the defendant's rights.'" Appellant's Initial Br. at 9 (quoting D.E. 28-5: 166)

It is well settled that under Florida law for a verdict to be valid, it must be announced in open court in the presence of the jurors and the accused. *See Brewer v. State*, 53 Fla. 1, 43 So. 423 (1907). So too under federal law. "A verdict is valid and final when the deliberations are over, the result is announced in open court, and no juror registers dissent." 3 Wright & Miller, Fed. Prac. & Proc. Crim. § 517 (5th ed. & Sept. 2025 update). *See United States v. Gatlin*, 90 F.4th 1050, 1069 (11th Cir. 2024) ("A final verdict is valid only if it is published in open court with no juror dissent, and the verdict is accepted by the court[.]"). And double jeopardy is only triggered upon an event that speaks to the ultimate question of guilt or innocence. *See United States v. Scott*, 437 U.S 82, 98, n.11 (1978). One such event is an acquittal. *See Richardson v. United States*, 468 U.S. 317, 325 (1984) ("[T]he Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy."). An acquittal is "any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Evans v. Michigan*, 568 U.S. 313, 318 (2013).

The jury returned no such verdict here. Because the original verdict was not accepted by the trial court, it was not a valid verdict. As a result, Mr. Evans' double jeopardy protections were not triggered. Moreover, the trial court's error in not providing the jury with written instructions prior to its initial determinations did not trigger double jeopardy protections. *See Burks v. United States*, 437 U.S. 1, 15 (1978) (holding that an error in the proceedings leading to conviction does not trigger double jeopardy). And neither did the court's instructions to the jury to redeliberate. *See Gatlin*, 90 F.4th at 1069 (concluding that instructing the jury to continue deliberating after it returned an inconsistent verdict did not violate the Double Jeopardy Clause).

Accordingly, Mr. Evans does not present a viable double jeopardy claim. Although the district court erred in mischaracterizing Mr. Evans' offense, remand would be futile.[2]

## V

We affirm the district court's denial of Mr. Evans' petition.

**AFFIRMED.**

---

[2] As we've explained in the past, we can affirm on any ground in the record. *See, e.g., United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008)