[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12915

_____

LUIS FERNANDEZ,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23034-CMA

_____

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

ROSENBAUM, Circuit Judge:

Federal law imposes criminal liability—and a five-year mandatory prison sentence consecutive to any other sentence—for possession of a firearm in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c). To be validly convicted under § 924(c), a defendant must, as relevant here, commit a "crime of violence."

Petitioner-Appellant Luis Fernandez seeks relief from his § 924(c) conviction on the ground that he did not commit a valid predicate "crime of violence." If Fernandez were convicted under § 924(c) based on the same predicate "crime[s] of violence"—conspiracy to commit and attempted Hobbs Act robbery—today, he would be correct. But our precedent effectively requires Fernandez to prove that his § 924(c) conviction rested solely on § 924(c)'s residual clause, whether by pointing to record evidence or contemporaneous precedent from when the conviction was entered. He can't carry that burden. So after careful consideration, and with the benefit of oral argument, we must affirm the district court's denial of habeas relief.

## I.    BACKGROUND

### A. Criminal Prosecution

In August 2007, Fernandez and several others conspired to rob a (fictional) cocaine stash house.  Police had enlisted a confidential informant and undercover officer to assist with the scenario.  The co-conspirators waited for a call from a person they believed was a drug courier transporting twenty to thirty kilograms of cocaine to a stash house.  In fact, though, an undercover officer was playing the part of that drug courier whose call they awaited.  Once the conspirators received that call, they (including Fernandez) left for the (fictional) stash house and put firearms they intended to use during the robbery in the informant's car.  When the officers arrested the conspirators on the way to their destination, they found a black duffel bag containing five loaded firearms.

A grand jury indicted Fernandez, along with several co-defendants, on charges of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846 (Count 3); attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846, and 18 U.S.C. § 2 (Count 4); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 5); attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 6); and carrying and possessing a firearm in furtherance of a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§

924(c)(1)(A) and 2 (Count 7). The indictment[1] premised the § 924(c) charge in Count 7 on the charges in Counts 3 through 6.

After the close of the evidence, the district court instructed the jury that, to convict Fernandez of the § 924(c) offense, it had to find that he "committed a drug trafficking offense or crime of violence charged in Counts [3, 4, 5, or 6] of the Superseding Indictment." The jury found Fernandez guilty of the § 924(c) count. But the general verdict form it returned did not specify the predicate offense or other findings supporting the § 924(c) conviction. Rather, the form simply declared Fernandez guilty of Counts 5 (Hobbs Act conspiracy), 6 (Hobbs Act attempt), and 7 (§ 924(c) charge) and not guilty of Counts 3 and 4.

The district court sentenced Fernandez to a total term of 360 months' incarceration: 60 months on Counts 5 and 6, and 300 months on Count 7, to run consecutively.

Fernandez filed an unsuccessful direct appeal. *United States v. Perez*, 661 F.3d 568, 587 (11th Cir. 2011) (consolidated appeal with co-defendants). In that appeal, Fernandez challenged the sufficiency of the evidence and raised a Sixth Amendment compulsory-process claim but did not challenge his § 924(c) predicates. *Id.* at 573, 579.

---

[1] The operative charging document was a superseding indictment. For ease of reference, we refer to it as the "indictment."

### B.  *Postconviction Proceedings*

In 2016, Fernandez moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In that motion, Fernandez challenged his § 924(c) conviction based on *Johnson v. United States*, 576 U.S. 591 (2015).  He claimed that his conviction could have rested on § 924(c)'s residual clause, which he argued was unconstitutionally void for vagueness.[2]  But *Johnson*, the case on which he relied, invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), not § 924(c).  So the district court concluded that *Johnson* did not "newly recognize[]" the "right asserted" in Fernandez's petition, and Fernandez could not use that case to overcome the one-year filing bar for § 2255 motions.[3]  It therefore denied Fernandez's motion as untimely, or alternatively, as procedurally defaulted.  We denied a certificate of appealability ("COA").

In June 2020, Fernandez sought authorization to file a second or successive § 2255 motion.  He wanted to challenge his § 924(c) conviction as unconstitutional and void under *United States v. Davis*, 588 U.S. 445 (2019).  As we've noted, *Davis* invalidated §

---

[2] We explain § 924(c)'s statutory scheme, including the residual clause, on pages 7–11, *infra*.

[3] The district court relied on our then-binding decision in *Ovalles v. United States*, 861 F.3d 1257, 1267 (11th Cir. 2017).  We vacated *Ovalles*, 889 F.3d 1259 (11th Cir. 2018), and reheard it en banc, holding that § 924(c)'s residual clause was *not* void for vagueness, *Ovalles v. United States*, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc).  The Supreme Court held the opposite in *United States v. Davis*, 588 U.S. 445, 470 (2019), abrogating our en banc *Ovalles* decision.

924(c)'s residual clause, *id.* at 470, and Fernandez claimed that his § 924(c) conviction could have rested on that void clause. We granted Fernandez's motion. We acknowledged that under our then-recent decision in *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019), "conspiracy to commit Hobbs Act robbery . . . does not qualify as a crime of violence under § 924(c)(3)'s elements clause." And we noted that the indictment "referenced multiple, distinct predicate offenses and the jury returned a general guilty verdict," so we couldn't be sure whether the predicate offense that the jury found warranted the § 924(c) conviction qualified as a crime of violence. Given those circumstances, we said, Fernandez "made a *prima facie* showing that his . . . § 924(c) conviction may be unconstitutional under *Davis*, as he potentially was sentenced under the now-invalid residual clause of § 924(c)(3)."

Fernandez filed a second or successive § 2255 motion, contending that his § 924(c) conviction was unconstitutional because it may have been supported by a void predicate offense (conspiracy to commit Hobbs Act robbery). On June 29, 2021, the district court denied Fernandez's motion, finding that the conspiracy offense was inextricably intertwined with the attempt offense, which it believed to be a valid predicate.[4]

---

[4] Alternatively, the district court found that Fernandez's claim was procedurally defaulted. But the government waived the procedural-default issue on appeal, so we do not discuss that issue further. *See, e.g., United States v. Campbell*, 26 F.4th 860, 872 (11th Cir.) (en banc) (holding that courts generally cannot revive waived issues), *cert. denied*, 143 S. Ct. 95 (2022).

21-12915                Opinion of the Court                7

Fernandez moved for reconsideration after the Supreme Court granted certiorari in *United States v. Taylor*, 141 S. Ct. 2882 (2021). As we detail below, *Taylor* presented the question of whether attempted Hobbs Act robbery is a valid predicate "crime of violence" under § 924(c)'s elements clause. The district court granted Fernandez's motion and issued a COA on the following question: "whether the Court erred in determining that attempted Hobbs Act robbery is a valid section 924(c) predicate." Fernandez timely appealed.

We stayed Fernandez's appeal pending the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). We now consider Fernandez's appeal with the benefit of that decision.

## II.    STANDARDS OF REVIEW

In an appeal from a denial of a § 2255 motion, we review questions of law de novo and factual findings for clear error. *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019). We review issues of jurisdiction de novo. *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016).

## III.    DISCUSSION

Before we address Fernandez's claims on appeal, we summarize the relevant legal background.

Under 18 U.S.C. § 924(c)(1)(A), "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided

for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years."

The statute defines "crime of violence" as follows:

an offense that is a felony and –

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held subsection (B), the "residual clause," to be unconstitutionally void for vagueness.[5] 588 U.S. at 470. In doing so, the Court explained that broad application of the residual clause "would result in the vast majority of federal felonies becoming potential predicates for § 924(c) charges, contrary to the limitation Congress deliberately imposed when it restricted the statute's application to crimes of violence." *Id.* at 462. To qualify as a crime of violence, then, an offense must meet the definition in the "elements clause," 18 U.S.C. § 924(c)(3)(A).

---

[5] *Davis* followed the Court's previous decisions in *Johnson*, 576 U.S. at 606, which, as we've noted, held the ACCA's residual clause to be unconstitutionally void for vagueness, and *Sessions v. Dimaya*, 584 U.S. 148, 174–75 (2018), which did the same for 18 U.S.C. § 16.

Here, for purposes of our analysis, we assume without deciding that Fernandez's predicate was a "crime of violence"—namely, either conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery.[6]  But precedent holds that neither of

---

[6] For two reasons, we assume without deciding that, on this record, Fernandez's drug-trafficking offenses are not valid predicates.  First, it makes no difference to the outcome of this appeal.  And second, determining whether Fernandez's drug-trafficking offenses are valid predicates here would require us to decide an issue that the government didn't argue, that the parties didn't brief, and that isn't necessarily clearcut.  The jury acquitted Fernandez on both substantive drug-trafficking counts and convicted him on the Hobbs Act conspiracy and attempt offenses.  Yet the indictment charged all four of these offenses—the two drug-trafficking offenses and the Hobbs Act conspiracy and attempt offenses—as alternative predicate offenses for a single § 924(c) count.  So we have no way of knowing which predicate offense(s) the jury found Fernandez to have carried a gun in connection with.  And it certainly could be that the jury convicted Fernandez of the § 924(c) count based solely on one or both Hobbs Act "predicates."  We are, of course, aware that a jury may issue inconsistent verdicts that convict a defendant of a compound offense but acquit the same defendant of a predicate offense.  *See, e.g.*, *United States v. Green*, 981 F.3d 945, 960–61 (11th Cir. 2020) (quoting *United States v. Powell,* 469 U.S. 57, 68–69 (1984)); *United States v. Hill*, 971 F.2d 1461, 1468–69 (10th Cir. 1992).  But in those cases where we've upheld inconsistent verdicts, we had no question that the jury returned an inconsistent verdict.  Here, though, the jury returned what appeared at the time to be consistent verdicts: it acquitted Fernandez of the drug-trafficking offenses but convicted Fernandez under § 924(c) and the Hobbs Act predicates.  So unlike in the inconsistent-verdict cases, concluding that the jury convicted Fernandez on the § 924(c) count using the drug-trafficking crime(s) as a predicate may risk upholding a conviction that no jury returned.  And that would be a problem.  *Cf. Erlinger v. United States*, 144 S. Ct. 1840, 1849–52 (2024).  Not only that, but to the extent the jury appeared to return consistent verdicts, "the Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by [the] jury's acquittal." *Yeager v. United States*, 557 U.S. 110, 119 (2009).  So we have no way

those crimes qualifies as a "crime of violence" under the elements clause.

First, in *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (per curiam), we held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under the elements clause. We articulated the three elements of a Hobbs Act conspiracy conviction: "(1) two or more people, including the defendant, agreed to commit Hobbs Act robbery; (2) the defendant knew of the conspiratorial goal; and (3) the defendant voluntarily participated in furthering that goal." *Id.* (citing *United States v. Ransfer*, 749 F.3d 914, 930 (11th Cir. 2014)). And we found that none of these elements "necessitates the existence of a threat or attempt to use force," including "because a defendant's voluntary participation may manifest itself in any one of countless non-violent ways." *Id.*

Then, in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery is also not a "crime of violence" under the elements clause. 596 U.S. at 852. The Court reasoned that a conviction for attempted Hobbs Act robbery requires proof of two elements: "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id.* at 851 (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)). An intention alone does not satisfy the elements clause. *Id.* And a substantial step "does not require the government to prove that the

---

of knowing which predicate offense(s) the jury found Fernandez to have carried a gun in connection with.

defendant used, attempted to use, or even threatened to use force[.]" *Id.* So attempted Hobbs Act robbery cannot qualify as a predicate "crime of violence" under § 924(c)'s elements clause. *See id.* at 852.

Taken together, *Davis* forecloses Fernandez's § 924(c) crime-of-violence predicates from qualifying under the residual clause, and *Brown* and *Taylor* foreclose those predicates, respectively, from qualifying under the elements clause. But as we explain below, our precedent imposes an additional hurdle that Fernandez cannot clear: the framework we first articulated in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017).

Our discussion proceeds in two parts. First, we address Fernandez's jurisdictional arguments and conclude that the district court did not lack jurisdiction over Fernandez's § 924(c) prosecution. Second, we explain that Fernandez cannot meet his burden under *Beeman* of proving that his § 924(c) conviction relied solely on the residual clause, so we must affirm the district court's denial of his petition.

*A. The district court did not lack jurisdiction over Fernandez's § 924(c) prosecution.*

As a threshold matter, Fernandez argues that the district court lacked jurisdiction over his § 924(c) prosecution because the charged conduct did not and could not constitute a crime. We disagree and hold that the district court in this case did not lack jurisdiction.

An indictment that "charges the defendant with violating a valid federal statute as enacted in the United States Code" is sufficient to invoke the district court's subject-matter jurisdiction under 18 U.S.C. § 3231. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). But "when the indictment itself fails to charge a crime, the district court lacks jurisdiction." *United States v. Moore*, 954 F.3d 1322, 1334 (11th Cir. 2020). And a jurisdictional defect "strips the court of its power to act and makes its judgment void." *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) (cleaned up).

To support his jurisdictional argument, Fernandez relies principally on our decision in *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018). There, we (incorrectly) held that attempted Hobbs Act robbery *was* a valid § 924(c) predicate. *Id*. During our discussion, we said that a defendant's "challenge to his § 924(c) convictions on [the] ground" that they "failed to charge an offense against the laws of the United States" is jurisdictional and cannot be waived by the defendant's guilty plea. *Id*. at 344. In turn, we cited *United States v. Peter*, 310 F.3d 709, 714 (11th Cir. 2002), in which the defendant's Racketeer Influenced and Corrupt Organizations ("RICO") Act "indictment consisted only of specific conduct that, as a matter of law, was outside the sweep of the charging statute." In other words, the indictment charged an invalid predicate, and we held that error to be jurisdictional. *See id.*[7]

---

[7] Both *St. Hubert* and *Peter*, as well as the Supreme Court's related decision in *Class v. United States*, 583 U.S. 174 (2018), concerned whether the defendants had waived their jurisdictional challenges by pleading guilty. So they do not

Of course, *Taylor* abrogated our core holding in *St. Hubert*. But Fernandez argues that *Taylor* did not abrogate our finding that the viability of the predicate there was a jurisdictional matter. We assume without deciding that Fernandez is correct and accept for the sake of argument that an indictment that fails to charge any valid § 924(c) predicate would not confer jurisdiction over the § 924(c) offense.

But that doesn't help Fernandez. To be sure, Fernandez was not *convicted* of any valid § 924(c) predicates. But the indictment still *charged* him with other valid predicates: conspiracy to possess with intent to distribute cocaine and attempt to possess with intent to distribute cocaine. *See Parker v. United States*, 993 F.3d 1257, 1262–63 (11th Cir. 2021). And the district court's jurisdiction did not evaporate upon Fernandez's acquittal of the drug-related charges. If it did, courts would lack jurisdiction over any prosecution in which a jury acquitted the defendant of the charges. That, of course, is not the case.

Fernandez also invokes the Supreme Court's pronouncement that "Congress has not authorized courts to convict and sentence [defendants] to a decade of further imprisonment under § 924(c)(3)(A)" based on the predicate offense of attempted Hobbs Act robbery. *Taylor*, 596 U.S. at 852. But again, that Congress "has not authorized" a § 924(c) *conviction* based on attempted Hobbs Act

---

perfectly map onto the circumstances of this case. That said, without deciding the merits of Fernandez's position, we adopt his broad reading of those decisions for the sake of argument.

robbery does not mean that Congress has deprived the federal courts of *jurisdiction* to adjudicate § 924(c) charges based at least in part on other valid predicates. So we reject Fernandez's jurisdictional arguments.

### B. *Fernandez has not met his burden of proving that his § 924(c) conviction rested solely on the residual clause.*

We now consider whether Fernandez's § 924(c) conviction rested solely on the residual clause.

Our analysis proceeds in three parts. First, we briefly review the legal and procedural posture of Fernandez's claim. Second, we explain that the *Beeman* framework governs Fernandez's challenge to his § 924(c) conviction. And third, we apply the *Beeman* framework to Fernandez's *Davis* claim and find that Fernandez has failed to meet his burden.

### 1. *Fernandez's motion is before us on a* Davis *claim.*

We begin with a review of the legal and procedural posture of Fernandez's petition. As relevant here, § 2255(h)(2) requires that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In contrast, § 2255(h) does not authorize circuit courts to certify a claim relying on a new rule of statutory law. *In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016). So as relevant here, only claims

that contain a new rule of *constitutional* law satisfy § 2255's gate-keeping requirements.

Under § 2255(h)(2), a three-judge panel of this Court certified that Fernandez's § 2255 motion made a preliminary showing that he met § 2255(h)'s jurisdictional requirements. Specifically, the panel certified that Fernandez's motion implicated *Davis*'s new constitutional rule because Fernandez "made a *prima facie* showing that . . . he potentially was sentenced under the now-invalid residual clause of § 924(c)(3)."

In contrast, Fernandez's *Taylor* and *Brown* arguments are statutory—not constitutional. So they could not serve as a basis for Fernandez's second or successive motion to pass through § 2255(h)(2)'s gateway and on to merits consideration.[8] That's important because, as we explain later, it means that Fernandez's *Taylor* and *Brown* claims are "irrelevant" under the *Beeman* framework when we analyze Fernandez's *Davis* claim. *See Santos v. United States*, 982 F.3d 1303, 1310 (11th Cir. 2020).

### 2. Beeman*'s framework governs challenges to § 924(c) convictions.*

We turn next to the legal framework that governs the merits of Fernandez's second or successive § 2255 motion. In *Beeman*, we

---

[8] As we've noted, the § 2255(h)(2) gateway does not authorize circuit courts to certify a second or successive motion based on a new rule of statutory law. We also could not certify a § 2255 claim based on *Brown* because we, not the Supreme Court, announced it. *See* 28 U.S.C. § 2255(h)(2).

held that a § 2255 petitioner bears the burden to "show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." 871 F.3d at 1222.[9] There, the petitioner challenged his sentencing enhancement under the ACCA, which imposes a fifteen-year mandatory minimum when a defendant "has three previous convictions . . . for a violent felony or a serious drug offense." *See* 18 U.S.C. § 924(e). Beeman argued that his prior Georgia aggravated-assault conviction was not a "violent felony," so it could not support an ACCA enhancement. *See Beeman*, 871 F.3d at 1218. But we denied § 2255 relief because it was "unclear from the record whether the sentencing court had relied on the residual clause or the elements clause, or both" in enhancing Beeman's sentence. *Id.* at 1224–25.

In doing so, we held that a § 2255 petitioner is not entitled to relief "[i]f it is just as likely that the sentencing court relied on the elements . . . clause, solely or as an alternative basis for the enhancement." *Id.* at 1222. In other words, a petitioner cannot succeed if all he can show is that the district court *could* have relied on the residual clause. *See id.* Rather, the petitioner must show that the district court relied on the residual clause either as a matter of "historical fact," through evidence in the sentencing record, or by reference to "clear" law "at the time of sentencing." *Id.* at 1224 nn.4–

---

[9] As a reminder, the Supreme Court held the ACCA's residual clause, which has similar language to § 924(c)'s residual clause, to be unconstitutionally void for vagueness in *Johnson*, 576 U.S. at 606. *See supra* n.5.

5. We said that this burden-of-proof framework "reflects longstanding and fundamental interests in finality." *Id.* at 1223.

We have repeatedly applied *Beeman* to *Johnson* challenges to ACCA enhancements. *See, e.g.*, *United States v. Pickett*, 916 F.3d 960, 963–64 (11th Cir. 2019); *Tribue v. United States*, 929 F.3d 1326, 1331 (11th Cir. 2019); *Weeks v. United States*, 930 F.3d 1263, 1271–72 (11th Cir. 2019); *Santos*, 982 F.3d at 1310 (characterizing *Beeman* as a "threshold burden" in a § 2255 challenge based on both the residual and elements clauses); *Williams v. United States*, 985 F.3d 813, 816 (11th Cir. 2021); *Pitts v. United States*, 4 F.4th 1109, 1114–15 (11th Cir. 2021). So at least in the ACCA context, our precedent is clear: the district court must have relied "solely on the residual clause" for a petitioner to obtain § 2255 relief. *See Beeman*, 871 F.3d at 1221.

But Fernandez asserts that *Beeman* doesn't apply in the § 924(c) context because material differences exist between the ACCA and § 924(c). He notes the ACCA is a sentencing enhancement, while § 924(c) is a substantive criminal offense. To that end, he points out that the ACCA contemplates a "backward-looking question," *McNeill v. United States*, 563 U.S. 816, 820 (2011), requiring courts to determine whether a defendant "has three *previous* convictions . . . for a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1) (emphasis added). So it follows, Fernandez contends, that *Beeman* is also backward-looking and concerned with "historical fact" at the time of sentencing. *See Beeman*, 871 F.3d at 1224 n.5.

Fernandez further asserts that, by contrast, § 924(c) is a substantive criminal offense that requires a contemporaneous determination of whether the defendant used or possessed a firearm "during and in relation to any crime of violence or drug trafficking crime" or "in furtherance of" such a crime.    18 U.S.C. § 924(c)(1)(A).  He suggests that present-tense language does not, by its plain terms, require an inquiry into "historical fact." *See Beeman*, 871 F.3d at 1224 n.5.

But whatever the merits of Fernandez's arguments, our precedent forecloses them.  Applying *Beeman*, we have held that a § 2255 petitioner "bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from application of solely the residual clause."  *In re Hammoud,* 931 F.3d 1032, 1041 (11th Cir. 2019) (first citing *In re Moore*, 830 F.3d 1268, 1271–73 (11th Cir. 2016); and then citing *Beeman*, 871 F.3d at 1222–25).  True, *Hammoud* was only an authorization to file a second or successive § 2255 petition, so it did not further articulate or apply *Beeman*'s framework.  But it is binding, just the same.  *See St. Hubert*, 909 F.3d at 346.[10]  And in any event, *Hammoud* is not our only § 924(c) case to cite *Beeman*.

---

[10] As we've noted, *Taylor* abrogated *St. Hubert*'s holding that attempted Hobbs Act robbery qualifies as crime of violence.  But it did not affect *St. Hubert*'s rule that "law established in published three-judge orders . . . in the context of applications for leave to file second or successive § 2255 motions is binding precedent on *all* subsequent panels of this Court, including those reviewing direct appeals and collateral attacks . . . ."  909 F.3d at 346.

Indeed, we have since reiterated *Beeman*'s application in the § 924(c) context. *See Alvarado-Linares v. United States*, 44 F.4th 1334, 1341 (11th Cir. 2022) (first quoting *Hammoud*, 931 F.3d at 1041; and then citing *Beeman*, 871 F.3d at 1222–25). In *Alvarado-Linares*, we noted that a § 2255 petitioner may satisfy his *Beeman* burden through "record evidence" or "'by reference to legal principles alone'—that is, parsing the state of the law to determine whether the residual clause affected the *conviction* or sentence." *Id.* (quoting *Williams*, 985 F.3d at 816) (emphasis added). To be sure, we did not actually apply *Beeman* in *Alvarado-Linares*, because "the parties d[id] not distinguish between the state of the law at the time of the conviction and the state of the law today." *Id.*; *cf. also Granda v. United States*, 990 F.3d 1272, 1280–83 (11th Cir. 2021) (citing but not applying *Beeman* because petitioner procedurally defaulted his *Davis* challenge to his § 924(o) conviction). And Alvarado-Linares's claim failed under either "state of the law," so we did not have to consider *Beeman*'s treatment of post-sentencing case law. *See Alvarado-Linares*, 44 F.4th at 1341. But it is clear that we have, on repeated occasions, said that the *Beeman* framework applies when we consider § 2255 petitions involving § 924(c) convictions.

As a panel, we cannot retract that extension. Rather, we are bound by our prior panel precedent "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). So we must apply *Beeman* to Fernandez's claims.

### 3.  *Fernandez cannot show that his conviction relied on § 924(c)'s residual clause, so he is not entitled to relief.*

As we've mentioned, under *Beeman*'s framework, Fernandez must "show that his § 924(c) conviction resulted from application of solely the residual clause." *Hammoud*, 931 F.3d at 1041 (first citing *Moore*, 830 F.3d at 1271–73; and then citing *Beeman*, 871 F.3d at 1222–25).  He has two paths to carrying this burden.  First, he may make the requisite showing through "a 'finding of historical fact'— in other words, there may be record evidence that the [residual] clause did or did not lead to a conviction or sentence." *Alvarado-Linares*, 44 F.4th at 1341 (quoting *Williams*, 985 F.3d at 816); *see also Beeman*, 871 F.3d at 1224 n.4.  Second, and alternatively, he may "resolve[]" the matter "'by reference to legal principles alone.'" *Id.* (quoting *Williams*, 985 F.3d at 816).

But here, Fernandez can't follow either of these paths to the finish line.  First, the record of conviction does not indicate that Fernandez's § 924(c) conviction—with respect to either the Hobbs Act conspiracy or attempt predicate—relied on the residual clause.  Rather, the jury returned only a general guilty verdict, and the jury was instructed only that it must find "that the defendant committed a drug trafficking offense or crime of violence charged in Counts [3, 4, 5, or 6] of the Superseding Indictment."  As for the judgment, it reads only that Fernandez was convicted under 18 U.S.C. § 924(c)(1)(A) for "Carrying a Firearm During a Drug Trafficking Crime / Crime of Violence."  So the record does not prove that Fernandez's § 924(c) conviction rested on the residual clause.

Fernandez's second path fares no better.  He first asks us to confront *Brown* and *Taylor*.  *Brown* and *Taylor* held that conspiracy and attempt to commit Hobbs Act robbery, respectively, are not "crimes of violence" under § 924(c)'s elements clause.  *Brown*, 942 F.3d at 1075; *Taylor*, 596 U.S. at 852.  Fernandez argues that those decisions did not limit their holdings to convictions after 2019 or 2022, respectively, so convictions for conspiracy and attempt to commit Hobbs Act robbery could *never* be crimes of violence as a matter of categorical statutory analysis.

We agree.  "A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."  *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13 (1994).  In other words, *Brown* and *Taylor* stand for the propositions, respectively, that Hobbs Act conspiracy and attempt were not "crimes of violence" under the elements clause at *any* point—not when Fernandez was convicted in 2009, and not now.  That makes sense, because the judiciary's role is "to say what a statute means," *Rivers*, 511 U.S. at 312, which is necessarily what the statute has always meant.

But Fernandez's *statutory* challenge to his conviction does not satisfy his burden under our precedent.  Fernandez's second or successive § 2255 claim is necessarily a *constitutional* one, *see* 28 § 2255(h)(2): namely, that his § 924(c) conviction is void because it may have relied on the residual clause in violation of *Davis*.  Under the strictures of § 2255(h)(2), our precedent holds that Fernandez's statutory claims are "irrelevant" if he cannot meet his "threshold

burden" of showing a constitutional violation. *See Santos*, 982 F.3d at 1309–10. And under *Beeman*, Fernandez can show a *Davis* violation only if, more likely than not, "his § 924(c) conviction resulted from application of solely the residual clause." *Hammoud*, 931 F.3d at 1041; *see also Beeman*, 871 F.3d at 1222.

In other words, for the purposes of Fernandez's *Davis* claim—which turns on the *residual* clause—it is "irrelevant" whether his prior convictions are invalid predicates under § 924(c)'s *elements* clause. *See Santos*, 982 F.3d at 1310. Fernandez is entitled to relief only if the sentencing court relied solely on the unconstitutional residual clause, and he must make that showing as *Beeman* directs. That means he must either show that the district court expressly relied solely on the residual clause, or he must cite case law showing "at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a" crime of violence. *Beeman*, 871 at 1224 n.5. But we've said that "a sentencing court's decision today that" inchoate Hobbs Act offenses "no longer qualif[y] under present law as a violent felony"—or, as extended to § 924(c), a "crime of violence"—"under the elements clause . . . casts very little light, if any, on [that] key question of historical fact." *Id.*

We must return, then, to the state of our case law in 2009, when Fernandez was convicted and sentenced. Fernandez argues that "in 2009, the legal landscape for inchoate crimes conclusively demonstrated that conspiracy and attempt convictions could only

21-12915               Opinion of the Court               23

have qualified under the residual clause" of § 924(c).  That over-states our precedent.

Fernandez relies principally on *United States v. Wilkerson*, 286 F.3d 1324 (11th Cir. 2002) (per curiam), and *United States v. Rainey*, 362 F.3d 733 (11th Cir. 2004) (per curiam).  Neither helps him.

First, in *Wilkerson*, the defendant challenged his ACCA enhancement based in part on his prior Florida conviction for conspiracy to commit robbery.  286 F.3d at 1325.  We rejected the defendant's claims, concluding that "[w]hen one reaches an agreement with a co-conspirator to commit a robbery, and formulates the intent to commit the robbery, his conduct presents at least a potential risk of physical injury within the meaning of § 924(e)(2)(B)(ii)."  *Id.* at 1325–26.  Our holding cited and clearly rested on the ACCA's residual clause.  In other words, *Wilkerson* "established that an [inchoate] crime qualified as a violent felony when its object involved conduct that 'presented a serious potential risk of physical injury to another'" under the residual clause.  *United States v. James*, 430 F.3d 1150, 1156 (11th Cir. 2005) (cleaned up) (quoting *Wilkerson*, 286 F.3d at 1326); *cf. also United States v. Cruz*, 805 F.2d 1464, 1474 n.11 (11th Cir. 1986) (reasoning that "any conspiracy to commit a crime of violence" necessarily "create[s] a substantial risk of violence" within the meaning of 18 U.S.C. § 16(b)).

Second, in *Rainey*, the defendant challenged his ACCA enhancement based in part on his prior Florida conviction for attempted arson.  362 F.3d at 734.  Relying on *Wilkerson*, we rejected this challenge, reasoning that "[a]ttempt, like conspiracy, presents

the potential risk of physical injury to another." *Id.* at 736. Again, this holding clearly rested on the ACCA's residual clause.

But neither of these cases established that a § 924(c) conviction based on Hobbs Act attempt or conspiracy could be valid under *only* the residual clause.[11]  In other words, case law does not show that, as a matter of "historical fact," the sentencing court must have relied on the residual clause, only (at most) that it could have.  *See Beeman*, 871 F.3d at 1224 n.5; *see also Pickett*, 916 F.3d at 964 ("[A] conviction's eligibility under one or the other clause cannot be determinative . . . because the conviction's arguable *qualification* under the elements clause would not necessarily mean the judge *relied* on that clause." (citation omitted)).

So these cases don't establish that "the law was clear at the time of sentencing that only the residual clause would authorize" a § 924(c) conviction based on Hobbs Act attempt or conspiracy. *See Beeman*, 871 F.3d at 1224 n.5; *cf. also Williams*, 985 F.3d at 815 (denying § 2255 relief where the "then-existing legal landscape . . . was, at best, unclear which clause or clauses the sentencing court would have relied on"); *Santos*, 982 F.3d at 1312 (same, where case law at the time of sentencing was "uninstructive").

Our historical law on whether Hobbs Act attempt or conspiracy would qualify under the elements clause doesn't help Fernandez, either.  We have reasoned that the "subsequent trajectory

---

[11] These cases arose under the ACCA, not § 924(c).  And each case concerned state convictions, not Hobbs Act robbery (or inchoate Hobbs Act offenses).

of the law" is relevant to the determination of whether a "sentencing judge readily could have believed that [the] conviction qualified under the elements clause." *Santos*, 982 F.3d at 1313. And nine years after Fernandez was convicted and sentenced, we held that attempted Hobbs Act robbery *was* a "crime of violence" under the elements clause. *St. Hubert*, 909 F.3d at 346. So the district court could have—wrongly—believed that attempted Hobbs Act robbery was a valid predicate for Fernandez's § 924(c) conviction under the elements clause. Fernandez has not met his burden under *Beeman* to prove otherwise.

In sum, Fernandez has failed to show that, as a matter of "historical fact," his § 924(c) conviction resulted from the unconstitutional residual clause, either through "record evidence" or "by reference to legal principles alone." *See Alvarado-Linares*, 44 F.4th at 1341 (quoting *Williams*, 985 F.3d at 816). Under our precedent, then, he is not entitled to § 2255 relief.

And we cannot sidestep prior panel precedent even if, "were we to decide this issue on a clean slate, we would not so hold." *In re Dickerson*, 222 F.3d 924, 926 (11th Cir. 2000); *see also United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) (we are bound by prior panel precedent even if we are "convinced it is wrong"); *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (prior precedent binds us, even if there are "defect[s] in the prior panel's reasoning or analysis"). Our precedent requires us to apply *Beeman*, and Fernandez's inability to meet his burden under that framework requires us to deny his § 2255 petition.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Fernandez's § 2255 motion.

**AFFIRMED**.

21-12915                ROSENBAUM, J., Concurring                1

ROSENBAUM, Circuit Judge, concurring:

Luis Fernandez stands convicted of and will spend twenty-five years in prison for something that Congress did not make a crime. That is so even though Congress enacted a mechanism by which we can correct this error—28 U.S.C. § 2255. We must affirm this result because under our prior-precedent rule, *see United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008), we must follow *In re Hammoud,* 931 F.3d 1032, 1041 (11th Cir. 2019), and its progeny, which in turn direct us to apply the framework that *Beeman v. United States*, 871 F.3d 1215, 1222–25 (11th Cir. 2017), establishes. And that framework requires us to deny Fernandez's habeas petition.

As applied in § 924(c) cases, *Beeman* demands that we set our legal flux capacitors[1] to the moment of the petitioner's conviction and place ourselves in the legal landscape as it existed then. And if we misunderstood the law at the time of the petitioner's conviction to authorize that conviction, we must leave that conviction in place. We must do that even if the Supreme Court has since found our understanding of the law to be wrong and has held that the statute of conviction does not now and has not ever covered the petitioner's conduct.

That's wrong because *Beeman* itself is wrong. Its rule is unmoored from the text of 28 U.S.C. § 2255, the statute that

---

[1] *See Back to the Future* (Universal Pictures 1985).

authorizes us to consider challenges to a prisoner's conviction. That alone is reason to revisit *Beeman*, *Hammoud*, and their progeny.

\*\*\*

*Beeman* applies § 2255, the statute that authorizes collateral review of federal criminal convictions and sentences. But conspicuously absent from *Beeman* is any analysis of § 2255's text. In fact, *Beeman* never looked at § 2255's text. And that's so even though we must "begin [statutory interpretation], as always, with the text" of the relevant statute. *See United States v. Pielago*, 135 F.3d 703, 712 (11th Cir. 1998). For this reason alone, it's time to revisit *Beeman*.

When we consult § 2255's text, we must conclude that the *Beeman* framework is wrong. Because Fernandez brings a second or successive petition, I begin my analysis with § 2255(h), which establishes the gates through which a second or successive would-be petitioner may enter federal court. As relevant here, § 2255(h)(2) requires that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Most of this requirement refers to terms of art and is straight-forward: "[a] second or successive motion"; "a panel of the appropriate court of appeals"; and "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." A "second or successive motion" is a term of art that

21-12915          ROSENBAUM, J., Concurring          3

means a prisoner's second or later-in sequence challenge to the same judgment.  *See Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021).  A "panel of the appropriate court of appeals" is the court of appeals that would review "the order entered on the [original § 2255] motion." 28 U.S.C. § 2255(d).  And we've explained that "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2255(h)(2), is one that "was not *dictated* by precedent existing at the time the defendant's conviction became final," *Teague v. Lane*, 489 U.S. 288, 301 (1989).  To apply retroactively, a "new" rule must fit in one of two categories: (1) "new substantive rules"; or (2) "a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004) (cleaned up).  A new "substantive" rule, in turn, is one that "narrow[s] the scope of a criminal statute by interpreting its terms" or "place[s] particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* (citations omitted).

That leaves "contain."  At the time of § 2255(h)'s enactment in 1996, "contain" meant "comprise" or "include." *See Contain*, Merriam-Webster's Collegiate Dictionary (10th ed. 1996); *see also Contain*, Webster's New World College Dictionary (3d ed. 1997) ("to have in it; hold, enclose, or include").  So to satisfy § 2255(h)(2), a movant must show that his motion includes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

By its terms, then, a § 2255(h)(2) certification is not a merits determination; rather, it is merely a finding that a petitioner has met the gatekeeping requirements. That is, it's a circuit court's determination that the movant's motion includes a qualifying new rule.

Because a § 2255(h)(2) certification is not a merits determination, we've explained that a movant meets his responsibilities under that section with a prima facie showing that his challenged conviction (or sentence) "may—not that it does, but it may—implicate" a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Hammoud*, 931 F.3d at 1040. Once we've certified a movant's motion to contain a qualifying new rule, § 2255(h)(2) has served its function, and our gatekeeping role is complete. *See United States v. Peppers*, 899 F.3d 211, 229–30 (3d Cir. 2018).

The movant's second or successive § 2255 motion then goes before the district court for merits consideration under § 2255(b). Subsection (b) provides, in relevant part, that if the district court "finds . . . that *the sentence imposed was not authorized by law or otherwise open to collateral attack*, . . . the court shall vacate and set the judgment aside . . . ." 28 U.S.C. § 2255(b) (emphasis added).

"[T]he sentence imposed," of course, refers to the sentence that the court imposed that may implicate the new rule. And a court must vacate and set aside the judgment if that sentence is "not authorized by law or otherwise open to collateral attack." *Id.*

21-12915              ROSENBAUM, J., Concurring                      5

So in Fernandez's case, at subsection (h)(2), we determined Fernandez made a prima facie showing that his § 924(c) conviction implicated *Davis*'s new rule—that § 924(c)'s residual clause is void for vagueness. *See United States v. Davis*, 588 U.S. 445, 470 (2019). Fernandez therefore passed through § 2255(h)(2)'s gates and into district court for consideration of the merits of his claim.

Then, as I read § 2255, the district court had to conduct a two-step inquiry. First, it had to start with the claim that got Fernandez's § 2255 petition through the gates: his *Davis* claim. That is, it had to consider whether Fernandez's § 924(c) conviction could have been predicated on a crime that qualified under only § 924(c)'s (void-for-vagueness) residual clause at the time of conviction. In other words, the court had to look to the two predicate crimes here—Hobbs Act conspiracy and attempt—and determine whether it could rule out the possibility that they supported Fernandez's conviction under the residual clause. So for instance, if Fernandez had challenged Hobbs Act conspiracy and attempt as predicates and the sentencing court had found them to be proper predicates under the elements clause but not the residual clause, the district court could have ruled out the possibility that Fernandez's conviction implicated *Davis*'s new rule, and Fernandez would have been left without a claim that permitted second or successive collateral review under § 2255. In that case, denial of the motion would be in order.

But without an indication that the predicates couldn't have relied on the residual clause, § 2255(b) demands further

consideration of the motion.  At step two, § 2255(b)'s text requires the district court to determine whether, although the sentencing court could have wrongly relied on the residual clause to find the purported predicates qualified, the § 924(c) conviction is nonetheless "authorized by law or otherwise [not] open to collateral attack."  28 U.S.C. § 2255(b).  So here, the district court would ask whether the Hobbs Act attempt and conspiracy predicates could have qualified under the only other available § 924(c) clause—the elements clause.

They couldn't.  *Taylor* held that attempted Hobbs Act robbery doesn't satisfy the elements clause.  *United States v. Taylor*, 596 U.S. 845, 852 (2022).  And *Brown* held that conspiracy to commit Hobbs Act robbery doesn't satisfy the elements clause.  *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (per curiam).  Because no other clause exists by which a crime may qualify as a predicate under § 924(c), *see* Maj. Op. at 9 n.6, Fernandez's § 924(c) conviction was "not authorized by law or otherwise open to collateral attack," and the plain text of § 2255(b) requires that his motion be granted.

Yet instead of this straightforward conclusion, *Beeman* compels the opposite result.  *Beeman*'s framework requires courts to travel back in time to determine not that the district court was wrong when it convicted the movant—as we know now, it was—but rather whether the district court was wrong in what *Beeman* says is the right way.  That misunderstands fundamental principles

21-12915                ROSENBAUM, J., Concurring                7

of statutory interpretation, as the Supreme Court has articulated them.

The Supreme Court has explained that "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13 (1994). That is, the Supreme Court's interpretation of a statute tells us what the statute has "*always* meant." *Id.* at 313 n.12. Indeed, when the Supreme Court "construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law." *Id.*; *cf. also Peppers*, 899 F.3d at 230 ("decisions interpreting the ACCA are not new law at all" but rather "instruct courts on what has always been the proper interpretation of the ACCA's provisions").

In other words, the residual and elements clauses have "*always* meant," *Rivers*, 511 U.S. at 313 n.12, what the Supreme Court said they meant in *Davis* and *Taylor*, respectively. The same is true of the elements clause's meaning as set forth in *Brown*. So Fernandez's § 924(c) conviction, which is based solely on the predicate crimes of Hobbs Act conspiracy and attempt (which do not qualify as § 924(c) predicates under either the elements or residual clause and have never so qualified), was necessarily void "before as well as after,"[2] *Davis*, *Taylor*, and *Brown*, collectively, were issued. And Fernandez's conviction "was not authorized by law or otherwise open

---

[2] *Rivers*, 511 U.S. at 313.

to collateral attack," 28 U.S.C. § 2255(b), from the moment of conviction. As a result, § 2255(b) requires relief.

But *Beeman* imposes an additional hurdle that is at odds with § 2255's plain text. Instead of simply requiring Fernandez to show that his conviction or sentence "was not authorized by law," *id.*, *Beeman* requires him to show that as a matter of "historical fact," the sentencing court "more likely than not" relied on the residual clause. *See Beeman*, 871 F.3d at 1224 n.5, 1225. It is not enough to show that the law *could not have* authorized his conviction; the petitioner must show that the sentencing court *did not* in fact impose that conviction solely under the residual clause.

But as I've noted, the Supreme Court's interpretation of a statute tells us what the statute has "*always* meant." *Rivers*, 511 U.S. at 313 n.12. So even if *Beeman* silently relied on the word "was" in § 2255(b)'s directive that a court that "finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, . . . shall vacate and set the judgment aside . . . ," (*Beeman* does not include a textual analysis), that cannot justify *Beeman*'s historical inquiry. If it could, then no Supreme Court interpretation of a statute could ever satisfy § 2255(b)'s language. After all, under the type of historical inquiry *Beeman* describes, interpretations that the Supreme Court has since declared are broader than the law permits—including, for instance, pre-*Davis* residual-clause interpretations—*were* historically thought to be "authorized by law." But of course, the Supreme Court has taught us that that is not the case: when the Supreme Court "construes a statute, it is explaining its

21-12915                ROSENBAUM, J., Concurring                9

understanding of what the statute has meant continuously since the date when it became law." *Rivers*, 511 U.S. at 313 n.12.

In short, *Beeman* is contrary to what § 2255(b) requires. Generally, "[w]e will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it." *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc). Yet *Beeman* effectively rewrites § 2255(b), raising the burden on habeas petitioners beyond that imposed by Congress. Indeed, it "penalize[s] a [habeas petitioner] for a court's discretionary choice not to specify under which clause" it sentenced him. *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017), *abrogated on other grounds by Stokeling v. United States*, 586 U.S. 73 (2019).

It does so without textual justification—indeed, without confronting the text of § 2255(b) at all.[3] And it does so in contravention of the separation of powers.

---

[3] None of our sister circuits who have adopted *Beeman*'s rule appear to have consulted the text of § 2255(b), either. *See Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018); *United States v. Clay*, 921 F.3d 550, 558–59 (5th Cir. 2019); *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018); *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018); *United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018); *United States v. West*, 68 F.4th 1335, 1338 (D.C. Cir. 2023). The Third, Fourth, and Ninth Circuits have adopted a more permissive rule, holding that a petitioner meets his burden if his sentence *"may* have been predicated on application of the now-void residual clause." *Winston*, 850 F.3d at 682 (emphasis added); *see also Peppers*, 899 F.3d at 216; *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017), *abrogated on other grounds by Stokeling*, 586 U.S. 73. The Second and Seventh Circuit have "not yet taken a position on the

10                    ROSENBAUM, J., Concurring                    21-12915

Applying *Beeman* here arrogates power to ourselves to expand § 924(c) beyond what Congress authorized.  *See* THE FEDERALIST No. 47 (James Madison) ("The judges can exercise no . . . legislative function . . . .").  Rather than simply enforcing the law as Congress has written it and as the Supreme Court and we have interpreted it, we are (impossibly) time traveling to save an invalid conviction. Our application of *Beeman* violates the separation of powers, impermissibly expanding § 924(c)'s reach beyond its text. *See Bousley v. United States*, 523 U.S. 614, 620–21 (1998) ("[U]nder our federal system, it is only Congress, and not the courts, which can make conduct criminal.").

Not only that, but we're requiring an incarcerated § 2255 movant to build us the DeLorean.[4]  That is not our role as a coequal branch of government.  *See Peppers*, 899 F.3d at 230 ("[A] rule that requires judges to take a research trip back in time and recreate the then-existing state of the law—particularly in an area of law as muddy as this one—creates its own problems in terms of fairness and justiciability." (citation and internal quotation marks omitted)).

---

question." *Waagner v. United States*, 971 F.3d 647, 655 (7th Cir. 2020); *see also Savoca v. United States*, 21 F.4th 225, 234 n.7 (2d Cir. 2021), *vacated in part on reh'g*, No. 20-1502-PR, 2022 WL 17256392 (2d Cir. Nov. 29, 2022).

[4] To be clear, I do not dispute the general proposition that a § 2255 petitioner bears the burden of proving his entitlement to relief.  *See Beeman*, 871 F.3d at 1222.  But *Beeman* distorts that burden into an insurmountable wall, without textual justification and with constitutional flaws.

21-12915                ROSENBAUM, J., Concurring                11

To be sure, the interest in finality cautions against needlessly expanding the scope of habeas review. *See, e.g.*, *Beeman*, 871 F.3d at 1223. But the interest in finality cannot overcome the plain text of § 2255. We must follow the law as Congress has written it.

However strong our interest in finality, "[t]here is little societal interest in permitting the criminal process to rest at a point where it ought properly never to repose." *Welch v. United States*, 578 U.S. 120, 131 (2016) (alteration in original) (citation and internal quotation marks omitted). And a § 924(c) conviction based on necessarily invalid predicates is one such point.

In sum, *Beeman* requires us to ignore the text of § 2255(b), as well as decisions of the Supreme Court and this Court that inform "what [§ 924(c)] has meant continuously since the date when it became law." *See Rivers*, 511 U.S. at 313 n.12. *Beeman* was wrong from the start, and we should correct it.

★★★

For the reasons I've explained, the *Beeman* framework contravenes the plain text of § 2255(b), undercuts precedent, and threatens the separation of powers. In other words, *Beeman*'s historical-inquiry DeLorean has malfunctioned from the start. It is wrong, then, to continue to insist that we use it. Rather, we must correct past sentences that were not "authorized by law or otherwise open to collateral attack," 28 U.S.C. § 2255.

So while our prior-panel-precedent rule compels me to concur in the result, I would rehear this case en banc to revisit *Beeman*, *Hammoud*, and their progeny.

22-12915                Newsom, J., Concurring                1

NEWSOM, Circuit Judge, concurring:

I concur in the Court's judgment and join its opinion in full. I agree that *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), both (1) imposes on a § 2255 movant bringing a *Johnson* claim the burden of demonstrating that his ACCA-based sentence enhancement resulted from the statute's invalid residual clause and (2) requires the § 2255 court to determine whether the movant has made the necessary showing by engaging in what we there called a "historical" inquiry. And I agree that we are bound by decisions like *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019), and *Alvarado-Linares v. United States*, 44 F.4th 1334 (11th Cir. 2022), which extended *Beeman*'s reasoning from ACCA to § 924(c) cases.

I write separately simply to flag a few pesky issues.

**I**

First, despite initial misgivings, I'm no longer particularly troubled by *Beeman*'s extension from ACCA to § 924(c) cases. Originally, I was focused on what I perceived to be a relevant distinction between the two statutes—namely, that whereas ACCA refers to "previous convictions," 18 U.S.C. § 924(e)(1), and thus necessarily asks a "backward-looking question," *McNeill v. United States*, 563 U.S. 816, 820 (2011), § 924(c) codifies a contemporaneous offense and thus contains no temporal element of the sort that would require a similarly retrospective inquiry. Upon reflection, though, I'm not sure that difference provides a basis for distinguishing ACCA cases from § 924(c) cases vis-à-vis *Beeman*. It now seems to me that what requires the look-back that *Beeman* prescribes—the

"historical" investigation—is the fact that a § 2255 proceeding, whether challenging an ACCA enhancement or a § 924(c) conviction, occurs years or even decades after the fact. In either instance, there's simply no way for a § 2255 movant to meet his *Beeman* burden—or for the reviewing court to find that burden met—other than by going "back in time," so to speak.

## II

Second, though, and separately, I do worry that one fragment of an important footnote in *Beeman* might be inconsistent with Supreme Court guidance about the effect of a court's decision regarding the meaning and application of written law. *Beeman*'s footnote 5 says not only (1) that a § 2255 petitioner bringing a *Johnson* (or by extension, a *Davis*) claim must prove a "historical fact"—namely, that he was punished under the applicable statute's invalid residual clause—but also (2) that after-the-fact case law holding that a particular offense doesn't qualify under the applicable statute's still-valid elements clause "casts very little light, if any," on the required "historical" inquiry. 871 F.3d at 1124 n.5. I share Judge Rosenbaum's concern that the latter observation contradicts the Supreme Court's holding in *Rivers v. Roadway Express, Inc.*—which it grounded in fundamental jurisprudential principles—that "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction," *i.e.*, what the statute "has '*always* meant.'" Rosenbaum Conc. Op. at 7 (quoting 511 U.S. 298, 312–13 & n.12 (1994)); *accord, e.g.*, *Kuhn v. Fairmont Coal. Co.*, 215 U.S. 349,

372 (1910) (Holmes, J., dissenting) ("Judicial decisions have had retrospective operation for near a thousand years.").

To be sure, *statutory* changes adopted after a movant's judgment of conviction is entered or his sentence imposed should have little bearing on the *Beeman* inquiry. *Cf. Brown v. United States*, 144 S. Ct. 1195, 1210 (2024) (holding that "a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense" regardless of whether the drug remained on those schedules at the time of sentencing). But that rule presumably results, at least in part, from the fact that legislation presumptively operates prospectively only. Critically, the rule regarding judicial decisions is precisely the opposite. *See, e.g.,* *Rivers*, 511 U.S. at 311–12 ("The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." (citation and internal quotation marks omitted)).

So, for instance, the upshot of the Supreme Court's decision in 2022 that attempted Hobbs Act robbery doesn't constitute a "crime of violence" within the meaning of § 924(c)'s elements clause, *see United States v. Taylor*, 596 U.S. 845, 852 (2022), was that the attempt offense had *never* qualified—including in 2009, when Fernandez was convicted and sentenced. So too, the upshot of this Court's decision in 2019 that conspiracy to commit Hobbs Act robbery isn't a "crime of violence" within the meaning of § 924(c)'s elements clause, *see Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019), was that the conspiracy offense had *never* qualified—

again, including in 2009.  So even granting the correctness of *Beeman*'s observation that a *Johnson-* or *Davis*-based § 2255 motion requires the reviewing court to engage in a "historical" inquiry, I think, in a case like this, that what I'll call the *"Rivers* principle" may—and absent *Beeman*'s footnote 5 would—eliminate the possibility that Fernandez's attempt and conspiracy predicates could have been grounded in § 924(c)'s elements clause, leaving only one possibility: that his § 924(c) conviction was predicated on that statute's invalid residual clause.

### III

Which leads to a third and final observation.  I think we might want to revisit what I take to be an assumption underlying our decision in *Santos v. United States*, 982 F.3d 1303 (11th Cir. 2020).  There, a § 2255 movant argued that a particular state-law conviction—battery on a law-enforcement officer—wasn't a valid ACCA predicate.  *See id.* at 1306.  To make the necessary *Beeman* showing that his enhancement rested solely on ACCA's residual clause, the movant contended that the battery offense was not "categorically a crime of violence under [ACCA's] elements clause"— and therefore, the theory went, his enhancement for that crime must have been predicated on the residual clause.  *Id.* at 1307.  The *Santos* panel, though, rejected the movant's argument as "irrelevant."  *Id.* at 1310.  By way of explanation, the panel said that "[i]t is not enough to establish that a district court *could have* relied on either the residual clause or another clause; rather, the movant must show that the district court relied *only* on the residual clause." *Id.*

22-12915                Newsom, J., Concurring                5

As I read *Santos*, in concluding that the elements-clause argument was "irrelevant," our decision effectively precluded § 2255 movants from meeting their *Beeman* burden by what I'd call process of elimination. A § 2255 movant, in other words, can't demonstrate that a convicting or sentencing court *must* have relied on an invalid residual clause by showing that no other avenue was available to it. Rather, the movant must introduce affirmative evidence that the convicting or sentencing court *in fact* relied on a residual clause. That seems to me to establish too high an evidentiary burden—one not mandated by either the text of § 2255 or *Beeman*. To the extent that I've misread *Santos*, I'm happy to be corrected. But if I've understood it properly, I would be in favor of reconsidering it and clarifying that a § 2255 movant like Fernandez can meet his *Beeman* burden by eliminating valid elements-clause off-ramps and thereby showing—again, by process of elimination—that he had to have been convicted (or sentenced, as the case may be) under an invalid residual clause.

21-12915        LUCK, J., concurring in the judgment        1

LUCK, Circuit Judge, concurring in the judgment:

For two reasons, I agree with the majority opinion that Fernandez cannot show that his conviction rested solely on section 924(c)'s residual clause. Fernandez has not met his burden to show the law was clear at the time of sentencing that only the residual clause would authorize a section 924(c) conviction based on Hobbs Act attempt or conspiracy. And he has not met his burden to rule out the possibility that his section 924(c) conviction rested on either of the two drug trafficking predicates (attempt and conspiracy to possess cocaine with the intent to distribute).

Briefly, here are two dicta warnings for district courts and future panels reading the majority opinion. First, footnote six's double jeopardy discussion is not necessary to the result because the majority opinion assumes—without deciding—that the drug trafficking crimes are not valid predicates. Second, the discussion about the categorical statutory analysis under *Rivers v. Roadway Express, Inc.*, 511 U.S. 298 (1994), is not necessary because, as the majority opinion explains, it is irrelevant whether Fernandez's prior convictions are invalid predicates under section 924(c)'s elements clause. Even if Fernandez is right about his categorical statutory analysis under *Rivers*, it doesn't matter because he has not satisfied his burden to show that his section 924(c) conviction rested solely on the residual clause.